UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| THOMAS VONNEEDO, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 1:18CV34 HEA |
| RYAN DENNIS, et al., | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Thomas Vonneedo for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $1.98. *See* 28 U.S.C. § 1915(b)(1). In addition, the Court will dismiss plaintiff's claims against the Sikeston Department of Public Safety and the official capacity claims against Ryan Dennis and Unknown Dees, and direct the Clerk of Court to issue process upon the complaint as to Missouri Delta Medical Center, Dennis and Dees in their individual capacities, and Lauren Blackwelder and Randy Deprow in their official and individual capacities.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-

month period.  After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid.  *Id.*

In support of the instant motion, plaintiff submitted a certified inmate account statement showing an average monthly deposit of $9.92, and an average monthly balance of $5.90.  The Court will therefore assess an initial partial filing fee of $1.98, which is twenty percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  An action is frivolous if it "lacks an arguable basis in either law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).  An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right.  *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry.  First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements."  *Id.* at 678.  Second, the Court

must determine whether the complaint states a plausible claim for relief. *Id.* at 679. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 680-82.

*Pro se* complaints are to be liberally construed, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), but they still must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

**The Complaint**

Plaintiff, an inmate at the Southeast Correctional Center, filed the instant complaint pursuant to 42 U.S.C. § 1983 against the Missouri Delta Medical Center ("MDMC"), police officers Ryan Dennis and Unknown Dees, Lauren Blackwelder (a physician at MDMC), Randy Deprow (a nurse at MDMC), and the Sikeston Department of Public Safety. Plaintiff also named an indeterminate number of Doe defendants, whom he identifies as MDMC intensive care unit personnel. Plaintiff states that he sues the defendants in an official and individual capacity.

According to the complaint, on October 5, 2015, defendants Dennis and Dees arrested plaintiff and took him into custody at the Sikeston Department of Public Safety. A strip search was performed to determine whether he had drugs hidden between his buttocks. The strip search was negative. Dennis then applied for a search warrant to locate methamphetamine inside plaintiff's body. The warrant was authorized, but it did not allow intrusive or invasive procedures.

On that same date, an x-ray was performed at Missouri Delta Medical Center for the purpose of determining whether there was contraband in plaintiff's rectum. After the x-ray yielded inconclusive results, Dennis, Dees and Blackwelder, acting in concert, had plaintiff placed in the MDMC intensive care unit, where Blackwelder, Deprow and the Doe defendants (intensive care unit personnel) performed invasive and intrusive medical procedures to determine whether there was contraband inside plaintiff's body. These procedures included placing an IV in plaintiff's arm, administering sedatives and laxatives, and placing a catheter in plaintiff's penis. Plaintiff alleges these procedures were outside the scope of the search warrant, and were done without his consent.

In addition, the catheter was improperly placed, causing scarring and infection. In June 2017, plaintiff was seen by one Dr. Terry Trulson, a urologist, for assessment of the damage to his urinary tract. Two surgeries were scheduled for June 30, 2017 and August 22, 2017. Plaintiff alleges the surgeries caused pain, suffering, and residual injury. He seeks monetary relief.

## Discussion

Plaintiff's claims against the Sikeston Department of Public Safety will be dismissed because the Sikeston Department of Public Safety, as a department or subdivision of City

government, is not an entity subject to a lawsuit under federal law. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such"); *see also Ballard v. Missouri*, Case No. 4:13CV528 JAR, 2013 WL 1720966, at *3 (E.D. Mo. April 22, 2013) (dismissing as legally frivolous claims against several departments of local government, noting that they were not juridical entities suable as such); *Wallace v. St. Louis City Justice Ctr.*, No. 4:12CV2291 JAR, 2013 WL 3773971, at *2 (E.D. Mo. July 17, 2013) (dismissing claims against the St. Louis City Justice Center because, as a department or subdivision of local government, it is not a suable entity). Plaintiff's official capacity claims against police officers Dennis and Dees will also be dismissed. Naming a government official in his official capacity is the equivalent of naming the government entity that employs the official. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Here, plaintiff alleges that Dennis and Dees are employed by the Sikeston Department of Public Safety. Because the Sikeston Department of Public Safety is not a suable entity, claims asserted against it through its employees are legally frivolous. However, having liberally construed the complaint, the Court concludes that it adequately states claims cognizable under § 1983 against Dennis and Dees in their individual capacities. These claims will therefore be allowed to proceed, and Dennis and Dees will be given the opportunity to respond to the complaint.

The Court now turns to plaintiff's allegations against MDMC, Blackwelder, and Deprow. To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Because MDMC, Blackwelder, and Deprow are private parties, their actions must

5

be "fairly attributable to the State" in order for them to have acted under color of state law. *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 937 (1987).

Liberally construed, the complaint alleges that MDMC permitted plaintiff to be admitted by police officers Dennis and Dees for the purpose of having his body searched for contraband, and that Blackwelder and Deprow were conscripted by Dennis and Dees to administer drugs to plaintiff and perform medical procedures on him that amounted to an intrusive search. The Court concludes, for screening purposes, that MDMC, Blackwelder and Deprow were acting under color of state law. *See Sanchez v. Pereira–Castillo*, 590 F.3d 31, 51–52 (1st Cir. 2009) (holding that a doctor who performed an intrusive search of a prisoner at an off-site emergency room was a state actor); *Rodriques v. Furtado*, 950 F.2d 805, 814 (1st Cir. 1991) (a private doctor was a state actor when he was conscripted by the police to conduct a search of a suspect's body cavity pursuant to a warrant); *Conner v. Donnelly*, 42 F.3d 220, 225–26 (4th Cir. 1994) (holding that a private physician who treated an inmate acted under color of state law even when the treatment occurred outside of the prison in the absence of a contract with the state because the physician voluntarily assumed the state's obligation to provide medical care to inmate). In addition, plaintiff has adequately alleged that his injuries occurred pursuant to a MDMC policy or custom. Plaintiff's claims against MDMC, and against Blackwelder and Deprow in their individual and official capacities, will therefore be allowed to proceed, and these defendants will be given the opportunity to respond to the complaint.

Plaintiff has also named fictitious parties. Generally, fictitious parties may not be named as defendants in a civil action. *Phelps v. United States*, 15 F.3d 735, 739 (8th Cir. 1994). An action may proceed against a party whose name is unknown, however, if the complaint makes sufficiently specific allegations to permit the identity of the party to be ascertained after

reasonable discovery. *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985). In this case, plaintiff alleges that the fictitious defendants were MDMC intensive care unit personnel who administered drugs to plaintiff and/or performed medical procedures on him on October 5, 2015. The Court concludes that these allegations are sufficiently specific to permit them to be identified following reasonable discovery, and will therefore not dismiss them at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $1.98 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS HEREBY ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the complaint as to defendant police officers Ryan Dennis and Unknown Dees. Defendants shall be served by issuance of summons and service by the U.S. Marshal's Office at the Sikeston Department of Public Safety, 201 S. Kingshighway, Sikeston, Missouri 63801.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the complaint as to defendants Lauren Blackwelder, Randy Deprow, and the Missouri Delta Medical Center. Defendants shall be served by issuance of summons and service by the U.S. Marshal's Office at 1008 North Main Street, Sikeston, Missouri 63801.

**IT IS FURTHER ORDERED** that plaintiff's claims against the Sikeston Department of Public Safety, and plaintiff's official capacity claims against Ryan Dennis and Unknown Dees,

are **DISMISSED** without prejudice**.** A separate order of partial dismissal will be entered herewith.

      **IT IS HEREBY CERTIFIED** that an appeal from this partial dismissal would not be taken in good faith.

      Dated this 7th day of May, 2018

                                                      HENRY EDWARD AUTREY  
                                       UNITED STATES DISTRICT JUDGE