# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| THOMAS VONNEEDO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18CV34 HEA |
| | ) | |
| RYAN DENNIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon two motions filed by defendants Missouri Delta Medical Center (also "MDMC"), Lauren Blackwelder, M.D., and Randy Deprow, R.N. (collectively "defendants"), seeking to strike the first amended complaint (Docket No. 27/filed August 23, 2018) and to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Docket No. 18/filed June 14, 2018).

Plaintiff sought and was given a significant extension of time to respond to both motions. On December 14, 2018, plaintiff filed a timely response, and the motions are now ripe for disposition. For the reasons explained below, the Court will grant the motion to strike and direct the Clerk of Court to strike the first amended complaint from the record, and will deny the motion to dismiss and direct the defendants to answer the complaint.

### Background

The facts giving rise to the complaint are well known to the Court and the parties. However, following is a brief recitation. On February 15, 2018, plaintiff Thomas Vonneedo filed a pleading he titled "Prisoner Civil Rights Complaint 42 U.S.C. § 1983." In addition to the instant defendants, plaintiff named law enforcement officers Ryan Dennis and Robert Flint Dees, and fictitious defendants identified as intensive care unit personnel.

According to the complaint, on October 5, 2015, Dennis and Dees arrested plaintiff. After a strip search failed to reveal drugs hidden between plaintiff's buttocks, Dennis successfully applied for a search warrant to locate drugs inside plaintiff's body. However, the warrant did not permit invasive or intrusive medical procedures, and plaintiff did not consent to such procedures. Dennis and Dees took plaintiff to MDMC, which allowed them to admit plaintiff for the purpose of determining whether plaintiff had contraband in his rectum. Plaintiff consented to an x-ray, but the results were inconclusive. Dennis, Dees and Blackwelder, acting in concert, then had plaintiff placed in MDMC's intensive care unit, where Blackwelder and Deprow, among others, performed invasive medical procedures to determine whether there was contraband inside plaintiff's body. These procedures included placing an IV in plaintiff's neck,[1] placing a catheter in his penis, administering sedatives, and administering laxatives. The catheter was improperly placed, which caused complications necessitating two surgeries in 2017.

On June 13, 2018, defendants Dennis and Dees answered the complaint. On June 14, 2018, defendants filed the instant motion to dismiss. Subsequently, on August 8, 2018, plaintiff filed an amended complaint he titled "Plaintiff's First Amended Complaint." (Docket No. 26). On August 23, 2018, defendants filed the instant motion to strike.

**Legal Standard**

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. To survive a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570

---

[1] In his response, plaintiff includes a footnote that reads: "The complaint states arm incorrectly." (Docket No. 32 at 2).

(2007)).  A claim for relief "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level."  *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (citing *Twombly*, 550 U.S. at 555 & n.3).  This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.

When considering a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief.  *Id*. at 555–56; Fed. R. Civ. P. 8(a)(2).  The principle that a court must accept as true all of the allegations contained in a complaint does not apply to legal conclusions, however.  *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

The court must liberally construe *pro se* complaints.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  This means that if the essence of an allegation is discernible, the court should interpret it in a way that permits the plaintiff's claim to be construed within the proper legal framework.  *Solomon v. Petray,* 795 F.3d 777, 787 (8th Cir. 2015).  However, giving a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules must be interpreted so as to excuse mistakes by those who proceed without counsel.  *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

**Discussion**

The Court will first address defendants' Motion to Strike Plaintiff's First Amended Complaint.  In support of the motion, defendants argue, *inter alia*, that plaintiff filed the first amended complaint without consent or leave of court more than 21 days after service of their

Rule 12(b)(6) motion.[2] In his responsive memorandum, while plaintiff offers comprehensive and well-reasoned argument in opposition to the motion to dismiss, he offers no argument in opposition to the motion to strike. He does not ask this Court to deny the motion, nor does he offer any argument that can be construed as asking the Court to allow him to proceed on his first amended complaint or otherwise permit amendment of his original complaint. In sum, the defendants' argument is well taken, and nothing before the Court provides a reason to deny the motion. The Court therefore concludes that the first amended complaint was not authorized as required by Rule 15(a) of the Federal Rules of Civil Procedure, and will grant defendants' motion to strike and order the first amended complaint stricken from the record. *See McNeil*, 508 U.S. at 113 (giving a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules must be interpreted so as to excuse mistakes by those who proceed without counsel).

The Court now turns to the defendants' motion to dismiss the complaint. To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Because defendants herein are private parties, their actions must be "fairly attributable to the State" in order for them to have acted under color of state law. *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 937 (1987).

In support of the instant motion to dismiss, defendants argue that procedures ordered for a detainee's medical well-being do not constitute state action for purposes of § 1983. In response, plaintiff contends that his medical records will show that, at the time of examination,

---

[2] Defendants also argue that their motion to strike should be granted on the basis of futility. However, as the Court has determined to grant the motion to strike on the basis that is not authorized as required by the Federal Rules of Civil Procedure, the Court need not address defendants' arguments concerning futility.

4

he was "healthy, awake and alert, so there were no visible signs of distress, and at this time in question there were no exigent circumstances that would allow any intrusive or invasive medical procedures." (Docket No. 32 at 4).

Defendants' argument is not well taken. Nothing before the Court permits the conclusion that medical reasons or exigent circumstances necessitated the invasive and intrusive procedures of which plaintiff complains. In addition, according to the facts alleged in the complaint, the veracity of which must be assumed, Dennis and Dees took plaintiff to MDMC where he was admitted for the sole purpose of having his body searched for contraband pursuant to a warrant, and when an x-ray was inconclusive, Dennis and Dees conscripted Blackwelder and Deprow to perform the complained-of medical procedures to further search plaintiff's body.

Next, defendants argue that plaintiff failed to sufficiently allege that MDMC had an unconstitutional policy or custom. In support, defendants argue that plaintiff merely stated, in conclusory fashion, that MDMC's policies and customs caused his injuries. In response, plaintiff alleges that MDMC permitted him to be admitted by Dennis and Dees for the purpose of having his body searched for contraband, and he states he has adequately alleged this was done pursuant to a MDMC policy or custom.

Defendants' argument is not well taken. The Court cannot agree that plaintiff, at this stage of this litigation, is required to plead the existence of an unconstitutional policy or custom with the specificity that defendants demand. "When a complaint is filed, a plaintiff may not be privy to the facts necessary to accurately describe or identify any policies or customs which may have caused the deprivation of a constitutional right." *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003). Agreeing with the defendants on this point would require this Court to ignore its duty to liberally construe plaintiff's complaint, and to disregard

5

"the liberality of Fed. R. Civ. P. 8(a)(2) which requires merely 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.*

Defendants also argue that plaintiff failed to allege sufficient facts demonstrating that Blackwelder and Deprow were state actors. In response, plaintiff contends he alleged that "[a]fter the x-ray yielded inconclusive results, Dennis, Dees and Blackwelder, acting in concert, had plaintiff placed in the MDMC intensive care unit, where Blackwelder and Deprow performed invasive and intrusive medical procedures to determine whether there was contraband inside plaintiff's body," and that "Blackwelder and Deprow were conscripted by Dennis and Dees to administer drugs to plaintiff and perform medical procedures on him" that violated his constitutional rights. (Docket No. 32 at 2-3). Plaintiff concludes Blackwelder and Deprow therefore acted under color of state law.

Defendants' argument is not well taken. As noted above, this Court must liberally construe plaintiff's complaint, *Estelle*, 429 U.S. at 106, and plaintiff is required only to set forth a "short and plain statement of the claim" showing he is entitled to relief. Fed. R. Civ. P. 8(a)(2). Liberally construed, plaintiff has sufficiently alleged, at this stage of this litigation, that Blackwelder and Deprow were state actors. *See Sanchez v. Pereira–Castillo*, 590 F.3d 31, 51–52 (1st Cir. 2009) (holding that a doctor who performed an intrusive search of a prisoner at an off-site emergency room was a state actor); *Rodriques v. Furtado*, 950 F.2d 805, 814 (1st Cir. 1991) (a private doctor was a state actor when he was conscripted by the police to conduct a search of a suspect's body cavity pursuant to a warrant); *Conner v. Donnelly*, 42 F.3d 220, 225–26 (4th Cir. 1994) (holding that a private physician who treated an inmate acted under color of state law even when the treatment occurred outside of the prison in the absence of a contract with the state because the physician voluntarily assumed the state's obligation to provide medical care to inmate).

Finally, defendants argue that even if the medical professional defendants were state actors, they are entitled to qualified immunity because plaintiff fails to allege a violation of clearly established law. In support, defendants argue they acted pursuant to a valid search warrant, which weighs in favor of finding that the procedures were reasonable. In response, plaintiff contends his medical chart showed that "Blackwelder was denied a surgical consult for an endoscopy procedure by another doctor because the search warrant did not include any intrusive or invasive medical procedures," that his medical records will show there were no medical reasons or exigent circumstances warranting the procedures, and that he "informed everyone that he does not consent to any type of medical procedures after the mandatory x-ray examination." (Docket No. 32 at 4). Defendants' arguments are not well taken.

"Qualified immunity may protect government officials from liability under 42 U.S.C. § 1983, but not if their conduct violated clearly established statutory or constitutional rights of which a reasonable person would have known." *Nelson v. Corr. Med. Servs.*, 583 F.3d 522, 527 (8th Cir. 2009) (en banc) (quotation omitted). In the case at bar, there is some question as to whether the defense of qualified immunity is categorically available to the medical professional defendants. Nevertheless, even if the defense is available, it does not entitle the defendants to dismissal. Taken as true, plaintiff's allegations in the complaint show that the medical professional defendants repeatedly performed invasive and intrusive procedures without his consent. He also alleges, and defendants do not dispute, that the warrant did not permit invasive or intrusive procedures.[3] Nothing before the Court permits the conclusion that the medical professional defendants made any attempt to verify the scope of the warrant before performing the complained-of procedures. In fact, plaintiff contends that another doctor refused to consult with Blackwelder on performing a procedure on plaintiff because the warrant did not allow

---

[3] Defendants state this fact has no legal significance. (Docket No. 33 at 3).

invasive procedures. Additionally, nothing before the Court allows the conclusion that the defendants performed the complained-of procedures for medical reasons, or due to any exigent circumstance. It therefore cannot be said, at this stage, that the medical professional defendants did not violate plaintiff's constitutional rights, nor can it be said that a reasonable medical professional in their position would have failed to realize that his or her actions were unlawful.

The Court will deny the defendants' motion to dismiss, and direct them to answer the complaint.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to strike the first amended complaint (Docket No. 27) is **GRANTED** to the extent defendants seek to strike the first amended complaint on the basis that it was filed in violation of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk of Court shall strike from the record plaintiff's first amended complaint (Docket No. 26).

**IT IS FURTHER ORDERED** that defendants' motion to dismiss (Docket No. 18) is **DENIED.**

**IT IS FURTHER ORDERED** that, within fourteen (14) days of the date of this order, defendants shall answer the complaint.

Dated this 18th day of January, 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE